1
2
3
4
5
6
7

8  UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
9  AT TACOMA

10 | SCOT JAMES McPHEE, | Case No. C07-5668RJB
11 | Petitioner, |
12 | v. | REPORT AND RECOMMENDATION
13 | RANDEL STECKEL, | Noted for February 8, 2008
14 | Respondent. |

This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

Petitioner is an enrolled member of the Suquamish Tribe and he is currently "in custody" on a criminal charge or conviction arising out of the Suquamish Tribal Court. Petitioner seeks federal habeas relief under 25 U.S.C. § 1303. After a careful review of the record, the undersigned submits the following report and recommends that the Court dismiss the petition due to the fact that Petitioner has not exhausted tribal court remedies prior to filing this action in federal court.

## DISCUSSION

"The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. Generally, tribal remedies, which are formal, available, and not futile, are required to be exhausted before a petition for habeas corpus is entertained by the federal court. Necklace v. Tribal Court of Three Affiliated Tribes of Fort Berthold Reservation, 544 F.2d 845 (9th Cir. 1977); Greywater v. Joshua, 846

ORDER
Page - 1

1 F.2d 486 (8th Cir. 1988); Lyda v. Tah-Bone, 962 F.Supp. 1434 (Utah 1997); Wounded Knee v. Andrea,
2 416 F.Supp. 1236 (D.C. 1976).  The Ninth Circuit affirmed the District Court's dismissal of a habeas
3 claim, reiterating this general rule.  The Ninth Circuit stated, "Finally, in the few cases where we have
4 relaxed the exhaustion requirement, the litigant was able to show either that exhaustion would have been
5 futile or that the tribal court of appeals offered no adequate remedy."  Selam v. Warm Springs Tribal
6 Correction Facility, 134 F.3d 948, 954 (9th Cir. 1998).

7 Here, Petitioner argues exhaustion in this case is not required.  Petition at 18.  He argues the tribal
8 court refuses to afford him meaningful due process and the Tribal Court of Appeals has already denied
9 the matter.  Petitioner argues no meaningful or impartial remedy exists within the tribal court system
10 Petition at 19.  The undersigned is not persuaded by Petitioner's argument.

11 The Petition clearly indicates the underlying matter has not been properly exhausted.  Petitioner is
12 "in custody" based on an incident at the Suquamish Clearwater Casino that occurred on June 27, 2007.
13 Apparently, Petitioner was asked to leave the establishment, he refused, and the tribal police subsequently
14 took him into custody.  Petitioner was soon thereafter charged with Criminal Trespassing in the First
15 Degree, and an arraignment occurred on or about August 9, 2007.  At the arraignment Petitioner filed a
16 motion to recuse the assigned judge, Chief Judge Steckel.  Judge Steckel denied the motion for recusal on
17 August 16, 2007, and Petitioner made an interlocutory appeal of that decision.

18 On August 27, 2007, Judge Steckel continued the trial date to October 5, 2007, and on September
19 18, 2007, the Tribal Court of Appeals dismissed the interlocutory appeal, finding it lacked jurisdiction
20 due to the fact that the trial court had not yet issued any final determination in the case.

21 It is clear to the court what has transpired in the underlying criminal matter in recent weeks.  In
22 the most recent pleading (a motion to stay the criminal proceedings), filed on or about January 3, 2008,
23 Petitioner stated that the trial was set to begin on or about December 6, 2007.   In a previous motion to
24 stay filed with the Petition, it appears Petitioner anticipated sentencing to occur on or about December 25,
25 2007.  In any event, it is undisputed that the criminal trial and sentencing has either recently concluded or
26 is ongoing, and more significantly, the claims raised in support of his federal petition have not been
27 properly exhausted.

28 CONCLUSION

ORDER
Page - 2

Petitioner has not exhausted his claims for writ of habeas corpus.  The petition should be DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 8, 2008**, as noted in the caption.

DATED this 17th day of January, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge